COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Lox Gorme v. The State of Texas

Appellate case number:   01-12-00551-CR

Trial court case number: 1272297

Trial court:             179th District Court of Harris County

This case was abated and remanded to the trial court to determine whether five exhibits were lost or destroyed and whether any exhibits that were lost or destroyed could be replaced. The trial court held a hearing on December 20, 2012, and the court reporter filed a reporter's record of the trial court's hearing. The reporter's record shows that the trial court found that the exhibits were lost or destroyed, determined that they could be replaced with copies that accurately duplicated with reasonable certainty the original exhibits, and adopted replacement copies of the exhibits. *See* TEX. R. APP. P. 34.6(f)(4). On June 9, 2014, the court reporter filed a motion requesting an extension of time to file an exhibit volume. We dismiss the motion.

In the abatement order, we directed the court reporter to file an exhibit volume to the reporter's record containing the replaced exhibits within 25 days of the date of the order. The court reporter filed a two-volume reporter's record of the December 2012 hearing. Volume two of that reporter's record is an exhibit volume that lists the five replaced exhibits but does not include any exhibits. On May 20, 2014, we reinstated the case and directed the court reporter to supplement the reporter's record with an exhibit volume containing the following exhibits from the December 2012 hearing:

1. Photograph,

2. Photograph,

3. Photograph,

4. Pathological Diagnoses, and

5. Pre-Sentence Investigation.

On June 9, 2014, the court reporter filed a request for an extension of time to file the exhibit volume, stating that "[t]he Court has asked [the court reporter] for a copy of the exhibits. The D.A. that was on the case is trying to recreate the exhibits at this time." An exhibit volume containing the five exhibits has not yet been filed.

Accordingly, we direct the trial court to:

1) Determine whether the five exhibits from the December 20, 2012 hearing are lost or destroyed;

2) If any of those exhibits are lost or destroyed, determine whether the lost or destroyed exhibits are necessary to the appeal's resolution;

3) If any of the exhibits are lost or destroyed, determine whether the parties can replace the lost or destroyed exhibits by agreement;

4) If any of the exhibits are lost or destroyed and cannot be replaced by agreement of the parties, determine whether those exhibits can be replaced with copies determined by the trial court to accurately duplicate with reasonable certainty the exhibits from the December 20, 2012 hearing;

5) Make any other findings and recommendations the trial court deems appropriate; and

6) Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 34.6(f).

If any of the exhibits are able to be located or have been lost or destroyed but can be replaced by agreement of the parties or by the trial court, the court reporter shall file a supplemental exhibit volume to the reporter's record containing the located or replaced exhibits no later than 25 days from the date of this order.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

The court reporter's June 9, 2014 motion to extend the time within which to file an exhibit volume is dismissed as moot.

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
 ☒ Acting individually ☐ Acting for the Court

Date: August 14, 2014